**Elaine L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**TYSON FOODS, INC., Defendant.**

No. 2:02–CV–1174–VEH.

United States District Court,
N.D. Alabama,
Southern Division.

Jan. 22, 2009.

Joanna Hull, U.S. Dept of Labor, Office of the Solicitor, Washington, DC, Michael Kirby Hagan, Robert Walter, John A. Black, United States Department of Labor, Atlanta, GA, for Plaintiff.

Janell M. Ahnert, David M. Smith, Tony G. Miller, Maynard Cooper & Gale PC, Birmingham, AL, Joel M. Cohn, Akin Gump Strauss Hauer & Feld LLP, Michael J. Mueller, Hunton & Williams LLP, Washington, DC, for Defendant.

***ORDER GRANTING IN PART AND OTHERWISE DENYING DEFENDANT AND THIRD–PARTY RECIPIENTS' MOTION TO QUASH TRIAL SUBPOENAS SERVED ON OUT–OF–STATE WITNESSES***

VIRGINIA EMERSON HOPKINS, District Judge.

Pending before the Court is the Defendant and Third Party Subpoena Recipients' Motion to Quash Trial Subpoenas Served on Out–of–State Witnesses. (Doc. 319.) For reasons discussed below, the motion is **GRANTED** in part, and is otherwise **DENIED WITHOUT PREJUDICE.**

The instant motion was filed by Tyson on behalf of itself and third-party subpoena recipients Russell T. Tooley, Timothy J.

McCoy, Daniel J. Serrano, and Barabara J. Mizell. Tyson also provisionally filed the motion on behalf of Oscar Mancia–Carpiu [1], who is a designated witness for the Secretary, but has not been served with a subpoena by the Secretary. Tyson moves to quash the subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 319–2 at 1.) In its brief, Tyson maintains that the witnesses live beyond the subpoena power of the Court and that the Court has no authority to require the third-party witnesses to appear at trial. (*Id.* at 1–2.)

In her Opposition, the Secretary concedes that she does not oppose the motion to quash as to Timothy J. McCoy. (Doc. 334 at 1.) Therefore, as to this third-party subpoena recipient, the motion is **GRANTED.**

However, the Secretary does oppose Tyson's motion as to Russell T. Tooley, Daniel J. Serrano, and Barbara J. Mizell. (Doc. 334 at 1.) In support of her argument, she maintains that Rule 45(c) provides no authority for Tyson to quash the subpoenas at issue, since each third-party witness either is a corporate officer of Tyson or was a Rule 30(b)(6) deposition designee of Tyson, thereby making both categories of persons a "party" [2] or an officer of a party for purposes of the litigation. (Doc. 334 at 2–6.) Tyson relies on Rule 45(b)(2), which defines the geographical limitations of the Court's subpoena power. (Doc. 319–2 at 5–8.) Thus, the resolution of the instant motion depends on the interplay between subsections (b) and (c) of Rule 45.

Rule 45(b)(2) sets the geographical limits upon the subpoena power of a district court as follows:

*Subject to Rule 45(c)(3)(A)(ii)*, a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

(emphasis added). Thus, on its face, Rule 45(b)(2) does not appear to permit the Court to compel any person, whether or not a party, to appear at trial if that person resides beyond its geographic reach. However, Rule 45(c)(3)(A)(ii) is incorporated by reference into Rule 45(b)(2). Rule 45(c)(3) provides that a party who has been properly served with a subpoena may ask the issuing court to quash the subpoena and:

(A) **When Required.** On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) **When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

---

1. The Secretary did not mention Mancia–Carpiu in her Opposition to the pending motion. (Doc. 324.) As the Court has no evidence that Mancia–Carpiu has been served with a subpoena, the motion is **DENIED WITHOUT PREJUDICE** as premature as to Mancia–Carpiu.

2. Because the Court determines *infra* that the Secretary cannot compel to appear at trial persons who are *otherwise* beyond the jurisdictional reach of the Court and are either parties or officers of parties, it need not resolve whether a Rule 30(b)(6) deposition designee constitutes a "party" for purposes of a Rule 45 trial subpoena.

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is *neither a party nor a party's officer* to incur substantial expense to travel more than 100 miles to attend trial.

(emphasis added). Tyson submits that the subpoenas must be quashed because the subpoena recipients reside, work and were served beyond the jurisdictional power of the Court. (Doc. 319–2 at 1.) However, the Secretary argues that the interplay between Rule 45(b)(2) and 45(c)(3) expands the authority of the district court to compel a *party's* appearance at trial.

Tyson cites numerous cases in support of its argument that the Court does not have the power to compel the witnesses to appear, but it acknowledges that these cases represent a minority view of the interplay between Rules 45(b) and (c). (*See* Doc. 319–2 at 9–12.) In fact, a majority of courts have held that Rule 45(b)(2)'s 100–mile rule does not apply to a party. *See, e.g., Clark v. Wilkin*, No.2:06–CV–693–TS–DN, 2008 WL 648542 at *2 (D.Utah March 10, 2008) (finding that the 100–mile rule did not apply to a defendant and citing numerous cases from district courts across the country that supported the same conclusion); *Williams v. Asplundh Tree Expert Co.*, No. 3:05–CV–479–J–33MCR, 2006 WL 2598758 at *2 (M.D.Fla. Sept. 11, 2006) (finding that the 100–mile rule did not apply to a corporate officer or to a corporate representative).

In support of what it admits to be a minority position, Tyson relies heavily on the district court opinion issued in *Mazloum v. Dist. of Columbia Metro. Police Dept.*, 248 F.R.D. 725, 728 (D.D.C.2008). In *Mazloum*, the issue was whether deposition testimony could be presented at trial in lieu of live testimony. *Id.* at 727 No trial subpoena had been served, and there was no motion to quash before the court. *Id.* However, the court addressed the issue of whether Rule 45 permitted service of a trial subpoena on a party located outside of the geographical limitation contained in Rule 45(b)(2)(B). *Id.* It went on to question the majority position that Rule 45(c) authorizes by inverse inference nationwide service of parties and further explained that "there does not appear to be [any] basis in the text of Rule 45(c)(3)(A)(ii) to authorize valid service of a subpoena upon a party witness beyond the normal 100–mile range of a federal court's subpoena power." *Id.* Thus, the court agreed with the minority position. *Id.*

In another case relied on by Tyson, *Lyman v. St. Jude Medical S.C., Inc.*, 580 F.Supp.2d 719 (E.D.Wis.2008), the court quashed a subpoena served on the plaintiff who was served beyond the court's jurisdictional reach. *Id.* at 733. In doing so, it recognized that "[t]he majority of courts interpret [the interplay between subsections (b) and (c) of Rule 45] to mean a [sic] that a court may compel the trial testimony of a party or a party's officer even when the person to be compelled resided beyond the 100–mile range for subpoenas." *Id.* However, the court cited to *Mazloum*, along with other decisions that represent the minority view, and it held that "[t]here is simply no 'negative implication' that Rule 45(c)(3)(A)(ii) subjects to subpoena the officers of parties who are more than 100 miles from the place of trial whether or not they are within the range of the subpoena power defined in Rule 45(b)(2)." *Id.* at 734 (quoting *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 397 (N.D.Iowa 1998)).

At least one treatise, while not discussing the interplay between subsections (b) and (c) of Rule 45, has noted that Rule 45(b)(2) applies to *both* parties and nonparties. *See* Wright & Miller, 9A Federal Practice & Procedure 3d § 2454 (2008) ("Under Rule 45(b)(2)(B) a subpoena may be served at any place outside the district that is within 100 miles of the place of hearing or trial specified in the subpoena. The 100–mile limit applies to a party as well as to an ordinary witness.").

Additionally, a handful of courts besides the ones in *Mazloum* and *Lyman* have recognized that Rule 45(b)(2)'s cross-reference of 45(c)(3)(A) serves only as a limitation of

the court's subpoena power, and not an expansion of it. *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 218 (E.D.La. 2008) ("The better reading of subdivisions (b)(2) and (c)(3)(A)(ii) of Rule 45 is that the territorial scope of a court's subpoena power is defined by subdivision (b)(2), subject to the limitations spelled out in subdivision (c)(3)(A)(ii). Thus, to compel a person to attend trial, the person must be served with a subpoena in one of the places listed in Rule 45(b)(2) *and* not be subject to the protection in Rule 45(c)(3)(A)(ii).") (emphasis added); *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. at 396 (finding that an officer of the defendant was not subject to the subpoena power of the court and writing, "Rule 45(b)(2) defines the court's subpoena power, and [the defendant's officer] is beyond it, while Rule 45(c)(3)(A)(ii) allows for quashing a subpoena otherwise within the court's subpoena power, but in circumstances not applicable here. This is what is meant in Rule 45(b)(2) by the statement that the court's subpoena power as defined in that subsection of the rule is 'subject to' the provisions of Rule 45(c)(3)(A)"); *JamSports Entertainment, LLC v. Paradama Productions, Inc.*, No. 02–C–2298, 2005 WL 14917 at *1 (N.D.Ill. Jan. 3, 2005) ("Rule 45(c)(3)(A) does not confer authority for service of a subpoena; it confers authority to quash or modify a subpoena. It provides an exception to Rule 45(b)(2), not an addition to that Rule.... Read in context, the cross-reference of Rule 45(c)(3)(A)(ii) in Rule 45(b)(2) is meant to reflect that even if service of a subpoena is otherwise proper under Rule 45(b)(2), the subpoena is to be quashed if it imposes a requirement identified in Rule 45(c)(3)(A)(ii)."). These cases adopt a similar logic to the opinion in *Mazloum*, which concluded in its discussion of the court's subpoena power that "[t]he phrase 'subject to,' [in Rule 45(b)(2)] of course, commonly refers to a constraint, and there is no reason to believe that it does not do so here." *Id.* at 728.

Particularly helpful to this Court's decision is the opinion in *Johnson v. Big Lots Stores, Inc.*, where the district court adopted the minority interpretation. 251 F.R.D. at 217. The court in *Big Lots* recognized that to reach the conclusion that Rule 45(c)(3)(ii) authorized nationwide service through its in-

clusion in Rule 45(b)(2) "would [require the court] to turn a clause intended as a limiting clause on its head and ignore the territorial restrictions on where a trial subpoena may properly be served." *Id.* It further recognized that Rule 45(c) establishes only the limits of subpoena power on a *properly served* trial subpoena. *Id.* (citing Wright & Miller, 9A Federal Practice and Procedure § 2462 at 476). Thus, "Rule 45(c)(3)(A)(ii) spells out circumstances when a court must quash a subpoena, but it does not alter the requirements for proper service of a subpoena." *Id.* at 218. Finally, the court recognized that when Congress chose to authorize nationwide service, it did so in an unmistakable manner. *Id.* (citing 15 U.S.C. § 23 (providing for nationwide service of subpoenas in antitrust cases under a provision in place since 1914)).

The Court finds that the minority interpretation of Rule 45 described in *Big Lots* and other similar cases is correct. Rule 45(b)(2)'s use of the phrase "subject to" in cross-referencing Rule 45(c)(3)(A)(ii) indicates that it is only intended to limit the court's power, not expand it. It is also too tenuous an inference to conclude that because a court is not required to *quash* a subpoena issued to a party or a party's officer under Rule 45(c)(3)(A)(ii), it therefore has the power to *compel* the attendance of a party witness who was served beyond the explicit geographical limitations of Rule 45(b)(2) and that *service* of a subpoena is valid on a nationwide basis whenever *the person served* is a party or the officer of a party. Thus, the Court rejects the position accepted by a majority of district courts holding that Rule 45(c)(3)(A)(ii) supports the "inverse inference that parties and their officers are subject to compulsion to attend trials that occur outside the 100 mile limit otherwise available to non-parties." *In re Vioxx Products Liability Litigation*, 438 F.Supp.2d 664, 666 (E.D.La.2006). The Court cannot compel persons, whether or not "parties" or officers of Tyson, to appear in court when they have not been properly served with a trial subpoena.

Therefore, because the subpoenas were not properly served on the witnesses at issue, the Court **GRANTS** the pending motion to quash

with respect to the remaining witnesses. *See Lyman v. St. Jude Medical S. C., Inc.*, 580 F.Supp.2d at 734 ("Therefore, because service of the ... trial subpoena did not comply with any of the requirements of Rule 45(b)(2), it must be quashed."); *Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, 466 (E.D.La.2007) (quashing subpoenas on the ground that they did not comply with service rule under Rule 45(b)); *Mize v. Winnebago Industries, Inc.*, No. 1:05–CV–1513, 2006 WL 355259 at *4 (N.D.Ga. Feb. 15, 2006) (granting motion to quash because, among other reasons, it was improperly served); *Folstad v. Illinois State Bd. of Inv.*, No. 86–C–4667, 1989 WL 13167 at *1 (N.D.Ill. Feb. 14, 1989) (granting motion to quash when service of the subpoena did not comply with the Federal Rules of Civil Procedure).

To summarize the Court's findings, the pending motion is **GRANTED** as unopposed with respect to the witness Timothy J. McCoy. With respect to the remaining witnesses who have been served with a subpoena by the Secretary, Russell T. Tooley, Daniel J. Serrano, and Barabara J. Mizell, the motion is also **GRANTED**. The Court does not have authority to compel the attendance of these Tyson employees who were not properly served with a subpoena under Rule 45(b)(2). Finally, the motion is **DENIED WITHOUT PREJUDICE** as premature with respect to Oscar Mancia–Carpiu, who has not been served with a subpoena at present.